## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ORGANIC SPHERE LLC** | § | |
| *Plaintiff,* | § | **C.A. No. _____** |
| | § | |
| **v.** | § | |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| *Defendant* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Organic Sphere, LLC hereby files this its Original Complaint under the Plant Protection Act, 7 U.S.C. §7712 *et. Seq.*, complaining of and against the United States of America, including its U.S. Customs and Border Protection and the Department of Homeland Security ("United States"), and would respectfully show the Court and jury as follows:

## I.    NATURE OF THE CASE

1.    This is an action for damages under the Plant Protection Act, 7 U.S.C. §7716 arising from Defendant's improper and unlawful order to destroy certain imported millets from India.

## II.    PARTIES

2.    Plaintiff Organic Sphere, LLC is a limited liability company formed under the laws of the state of Texas with its principal place of business in Montgomery County, Texas. It is the importer of record for the merchandise that is the subject of this lawsuit. It may be reached through counsel of record.

3.    Defendant is the federal government of the United States of America, acting through its agents at the U.S. Customs and Border Protection and the U.S. Department of Homeland Security. Defendant may be served with process by and through the U.S. Attorney's Office. Actual notice

of this lawsuit is being forwarded to relevant officers of the U.S. Customs and Border Protection and the U.S. Attorney's Office.

## III.    JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1338(a) because this case arises under the Plant Protection Act's private cause of action provision, 7 U.S.C. §7716(a)-(b). Venue is proper in the Southern District of Texas because Plaintiff resides in the district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas.

## IV.    FACTS

### A.  Plaintiff's Importation of Millets

5.      Organic Sphere is an importer of organic raw grains and crop products from India, including but not limited to millets. Since 2017, Organic Sphere has been successfully importing millets from India to the United States.

6.      Millets are a cereal grain belonging to the Poaceae family, commonly known as the grass family. They are widely consumed in countries throughout Africa and Asia. Although they look like seeds, a millet's nutritional profile is similar to that of sorghum and other cereals.

7.      The importation of millets is governed by the Plant Protection Act ("PPA"), 7 USC §7712 et seq., which was enacted in 2000 to provide agriculturists with regulatory protection from "plant pests" or "noxious weeds" whose importation posed risks of devastating consequences for domestic agriculture. 7 U.S.C. §§ 7712 to 7716. Under the Act, the Secretary of Agriculture may restrict importation or interstate movement of any plant or plant product, including citrus fruit, to prevent the introduction of harmful pests or weeds which could harm domestic agriculture. 7

U.S.C. § 7712(a) and (c).

8.     In order to carry out this policy, the PPA authorizes the Secretary of Agriculture to issue regulations which may include an order the destruction or quarantine of organisms determined to be harmful.

9.     Pursuant to its authority under the Plant Protection Act and the Code of Federal Regulations, the Department of Homeland Security and the United States Customs and Border Patrol have promulgated specific manuals, tables and guidelines related to the importation of millets from India and Asia, including but not limited to the *Miscellaneous and Processed Products Import Manual* and the *Seeds for Not Planting Manual*, both issued by USDA Animal and Plant Health Inspection Service in 2014.

### B.  2018 Issues between CBP and Organic Sphere

10.    In the summer of 2018, CBP held a shipment of millets from India at the Port of Houston on the basis that the shipment failed to meet CBP requirements for importation. After extensive discussions with Organic Sphere, CBP determined that the importer failed to establish that the millets in question had been washed with an alkaline solution prior to entry, thus arguably posing a threat to the United States as a "noxious weed" capable of growth if planted.[1] At this time, neither the CBP handbook guidelines nor the Code of Federal Regulations *required* that the millets be specifically labeled as having been washed or cleansed in alkaline solution in order to be imported.

11.    Nevertheless and despite proof of compliance with regulatory requirements for import, Organic Sphere accepted the EAN issued by CBP and reluctantly destroyed the product at the insistence of CBP and Homeland Security.

---

[1] The millets as imported are no longer seeds and are not capable of growth into plants, if planted.

3

12.     From the time of that incident through May 2021, Organic Sphere has successfully imported over ten shipments of millets into the Port of Houston. In each instance, Organic Sphere assiduously provided proof that the millets to be imported complied with all regulatory requirements as interpreted by Homeland Security and the CBP prior to entry.

13.     Upon information and belief, the CFR guidelines and the handbooks for importation of millets has not changed since since at least 2018. Up to and including May 2021, CBP also has not changed its interpretation of the guidelines as well.

### C.  2021 Importation of Millets

14.     On or about June 15, 2021, the United States Department of Agriculture, through its Agent Officer Stephen G. Morris, issued EAN 125-68052025 ordering the re-exportation or destruction of a shipment of sorghum (millets) scheduled for import at the Port of Houston. The stated basis for the order was "Prohibited un-milled Finger millet 350kg and un-milled pearl millet 100 kg not labeled as alkaline-processed." See Exhibit 1.

15.     In response, Organic Sphere attempted to discuss the matter with Officer Morris and CBP representatives. Organic Sphere provided chain of custody documents proving that the shipments in question had actually been alkaline-processed prior to entry into the United States. Organic Sphere also advised that prior shipments of millets had routinely been admitted into the United States without being "labeled" as alkaline-processed, once proof of processing had been established.

16.     Organic Sphere is not aware of, and CBP representatives pointed to, no statute, regulation or rule stating that millets imported from India are *required* to be labeled as alkaline-processed. Neither the *Miscellaneous and Processed Products Import Manual* nor the *Seeds for Not Planting*

*Manual* in effect at the time requires labeling to "prove" that the products were alkaline-processed. Nevertheless, CBP officials refused to retract the EAN and insisted that the millets in question be destroyed or re-exported.

17.     Organic Sphere was left with a series of undesirable alternatives: (1) pay significant storage costs at the Port of Houston while attempting to litigate CBP's unlawful EAN destruction notice; (2) comply with the EAN and pay significant costs to attempt to re-export the millets in question back to India, or (3) comply with the EAN and destroy the product. See Exhibit 2.

18.     On or about June 21, 2022, Organic Sphere destroyed the product in question as ordered by the CBP EAN.

**V.       CAUSES OF ACTION**

      **A.       VIOLATION OF THE PLANT PROTECTION ACT, 7 USC 7716 et. seq.**

19.     Plaintiff incorporates paragraphs 1-18 above as if fully set forth.

20.     7 U.S.C. 7716 allows Plaintiff a private right of action against the United States as follows:

> The owner of any plant, plant biological control organism, plant product, plant pest, noxious weed, article, or means of conveyance destroyed or otherwise disposed of by the Secretary under section 7714 or 7715 of this title may bring an action against the United States to recover just compensation for the destruction or disposal of the plant, plant biological control organism, plant product, plant pest, noxious weed, article, or means of conveyance (not including compensation for loss due to delays incident to determining eligibility for importation, entry, exportation, movement in interstate commerce, or release into the environment), but only if the owner establishes that the destruction or disposal was not authorized under this chapter.

21.     Plaintiff was ordered to destroy the product in question solely because the packaging did not specifically and expressly state that the millets in question had been alkaline processed. No governmental rule or regulation requires such labeling in order for the products to be approved for

import; all that is required is that the product in question must have actually been processed in alkaline.

22.      Organic Sphere presented evidence of alkaline-processing of the product sought to be imported, but the United States nevertheless insisted on issuing an order of destruction. As such, the order of destruction/disposal was not authorized under the PPA.

23.      As a direct and proximate result of Defendant's misconduct, Organic Sphere seeks compensation for its loss in the amount of $25,500.

**VI.      ATTORNEY FEES**

24.      Request is made for all costs and reasonable attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the United States Supreme Court, under any other applicable law.

**VII.      CONDITIONS PRECEDENT**

25.      All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

**IX.      JURY DEMAND**

26.      Plaintiff demands a trial by jury and tenders the jury fee herein.

## PRAYER

**WHEREFORE PREMISES CONSIDERED,** Plaintiff Organic Sphere respectfully prays that Defendant United States of America be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff and against Defendant for the actual and economic damages requested hereinabove, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and

further relief to which the Plaintiff may be may be entitled at law or in equity, whether pled or un-

pled.

    *Dated: June 1, 2022*

               Respectfully submitted,

               Law Office of Sesha Kalapatapu

    By: _____

               Sesha Kalapatapu
               S.D. Tex. 24070
               State Bar No. 24002387
               2929 Allen Parkway, Suite 200
               Houston TX 77019
               *sesha@sktexaslaw.com*
               Tel: 832.398.1771
               Fax: 713.574.4719
               **ATTORNEY FOR PLAINTIFF**